O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-02751 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

Before this Court is a Motion for Relief from Judgment filed by Defendants James Jackson ("Jackson") and J. Mading Insurance and Financial Services, LLC ("Mading") on June 3, 2011.[1]  This Motion was taken under submission on July 19, 2011.  Dkt. 24. For the following reasons, the Court DENIES the Motion.

## I.     BACKGROUND

Sun Life Assurance Company of Canada ("Sun Life") brought this action against Defendants Jackson, Mading, and Steve Watkins ("Watkins") in his capacity as trustee for the LVMJ, LLC Irrevocable Life Insurance Trust ("LVMJ").  The action was originally filed in federal court on the basis of diversity jurisdiction.  Compl. ¶ 1.  Plaintiff is a Canadian insurance corporation.  Compl. ¶ 2.  Defendant Jackson is a life insurance agent licensed by the state of California. Compl. ¶ 9.  He is a principal in Defendant J. Mading, a life insurance agency licensed in California.  *Id.*  In August 2007, both Jackson and Mading were appointed by Sun Life as independent contractors, and were authorized to sell Sun Life's insurance policies per a General Agreement between Defendants and Sun Life.  Compl. ¶¶ 10-11.  Mading and Jackson entered into separate agreements with Sun Life.  Compl. ¶ 10-11 & Exh. 1 (Jackson's General Agreement) and Exh. 2 (Mading's General Agreement).

Sun Life alleges that Defendants submitted an application for Sun Life's Executive Universal Life Insurance policy, and represented to Sun Life that they intended to insure

---

[1]Dkt. 16.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-02751 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

20 "key employees" of LVMJ.  Compl. ¶ 12.  The application listed the corporate name as "LVMJ LLC" and the beneficiary and owner were designated to be the Irrevocable Life Insurance Trust ("ILIT").  Sun Life alleges that Defendants Jackson and J. Mading submitted false information during the application and claims process, and provided false information to Sun Life with the knowledge that it was false, misleading and untrue. Compl. ¶ 20.

Jackson and Mading ultimately agreed to rescind the transaction that resulted in the issuance of the LVMJ policy, and to treat such policies as void *ab initio*, and to further repay Sun Life the commissions they received with interest, as well as other costs and expenses.  Compl. ¶ 23.  To implement this, Jackson, Mading, Watkins, and ILIT entered into a settlement and compromise, wherein Jackson and J. Mading agreed to pay Sun Life $905,674.45 (the "Settlement Sum") by wire transfer on or before March 15, 2011. Compl. ¶ 25.  The agreement was personally signed by Jackson on behalf of himself and on behalf of J. Mading, and by Stephen D. Watkins as Trustee of LVMJ.  Declaration of Anthony G. Chavos, counsel for Defendants ("Chavos Decl."), Exh. C. The agreement also included a provision whereby in the event Jackson and J. Mading failed to timely make payment of the Settlement Sum, Sun Life would be entitled to enforce the Agreement by filing suit and requesting that the Court enter the Stipulated Judgment. Compl. ¶ 26.  That provision was as follows:

> Jackson and J. Mading shall sign a Stipulated Judgment in the form attached hereto as Exhibit B in a monetary amount equal to the Settlement Sum, which will be held by Sun Life's counsel and not entered so long as Jackson and J. Mading timely make payment of the Settlement Sum as referenced in Paragraph 3 above.  In the event that Jackson and J. Mading fail to make timely payment of the Settlement Sum as reference in Paragraph 3 above, Sun Life shall be entitled to enforce this Agreement by filing suit and requesting that the Court enter the Stipulated Judgment enforcing this Agreement.

Chavos Decl., Exh. C, at 3-4 ¶ 4.

Plaintiff alleges that Jackson and Mading failed to make a timely payment of the settlement sum.  Compl. ¶ 27.  On March 31, 2011, Sun Life brought this action against

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02751 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

Defendants Mading and Jackson for six causes of action, including: (1) breach of contract; (2) breach of settlement agreement; (3) fraud and deceit; (4) money had and received; (5) money paid; and (6) imposition of constructive trust and accounting. The case was transferred to this Court from Judge Otis D. Wright as a related case. Dkt. 5.

On April 4, 2011, the parties filed a stipulation for judgment signed by Defendants' counsel A. Patrick Munoz and by Daniel Maguire, attorney for Plaintiff. Dkt. 4. The Court then issued on April 12, 2011 a judgment on stipulation for entry of judgment, and closed the case. Dkt. 6.

On May 2, 2011, the Court granted Defendants' request to substitute attorney Anthony G. Chavos for A. Patrick Munoz. Dkt. 15. The current Motion was filed on June 3, 2011.

## II.    DISCUSSION

Defendants contend that they are entitled to Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6). Notice of Motion. They contend the judgment is void because "no party signed the Stipulation for Entry of Judgment . . . , nor did any party sign or even initial the Judgment on Stipulation of Entry of Judgment." Mot. at 4.

### A.    Rule 60(b)(4)

Rule 60(b)(4) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." The rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010).

Here, Defendants claim "the judgment is void, because the stipulation upon which it is based, is void as a matter of law." Mot. at 4. However, Defendants cite to no authority for the proposition that the stipulation is void as a matter of law, particularly in light of the fact that Defendants signed the Settlement Agreement which referenced the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02751 AHM (MLGx) | Date | September 2, 2011 |
|----------|------------------------|------|-------------------|

| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. |
|-------|-------------------------------------------------------------|

Stipulated Judgment.  Chavos Decl., Exh. C, at 3-4 ¶ 4.

Defendants cite to *Levy v. Superior Court of Los Angeles*, 10 Cal. 4th 578 (1995), for the proposition that "an attorney cannot sign a binding settlement agreement pursuant to Code of Civil Procedures [sic] § 664.6[2] on behalf of his client."  Reply, at 6.  However, that is exactly the opposite of what occurred here:  Jackson personally signed the Settlement Agreement, in the presence of a notary, on behalf of himself and Mading.  *See* Chavos Decl., Exh. C, at 9. Moreover, Defendants Jackson and Mading expressly authorized their counsel (at the time, A. Patrick Munoz) to enter into the stipulation through execution of the Settlement Agreement, which by its express terms incorporated the Stipulation, which in turn incorporated the Judgment.  *See* Chavos Decl., Exh. C., at 3-4 ¶ 4.  The Settlement Agreement signed by Jackson references and incorporates as an exhibit to the Settlement Agreement the stipulation that would be filed with the Court in the event Jackson defaulted on the settlement.  Defendants have provided no evidence to demonstrate that Jackson did not receive the Stipulation or Judgment, or that he did not authorize his attorney to sign the stipulation.

Accordingly, Defendants have failed to demonstrate, via case law or evidence, why or how their counsel's signature on the stipulation (in the absence of their own signatures) renders the judgment void, when Defendants signed the settlement agreement. The settlement agreement, executed by the parties, gives the attorney authority to enter into the stipulation for dismissal.  Were it otherwise, the Court would be flooded with frivolous motions like this after every negotiated settlement and dismissal.

**B.     Rule 60(b)(6)**

Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "any other reason that justifies relief."  "Judgments are not often set aside under Rule 60(b)(6).  Rather, the Rule is 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party

---

[2]California Code of Civil Procedure § 664.6 provides in relevant part: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. . . . ."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02751 AHM (MLGx) | | Date | September 2, 2011 |
|---|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | | |

from taking timely action to prevent or correct an erroneous judgment.'"   *Latshaw v. Trainer Wortham & Company*, 452 F.3d 1097, 1103 (9th Cir. 2006).

Defendants do not provide separate analysis under Rule 60(b), noting only, "There are extraordinary circumstances present, as set forth above, which provide good cause for the Court to vacate the judgment." Mot. at 7.  Accordingly, incorporating the analysis above, the Court denies Defendants' Motion under Rule 60(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.[3] The Court also DENIES Plaintiff's request for sanctions pursuant to 28 U.S.C. § 1927.  Plaintiff has not established that Jackson is an attorney or otherwise admitted to practice law.  Therefore, this Court has no authority under § 1927 to award sanctions.

No hearing is necessary.  Fed. R. Civ. P. 78; Local Rule 7-15.

_____ : _____

Initials of Preparer                    SMO

---

[3]Dkt. 16.